**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN MACK McKENNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-01193-SHM-tmp |
| | ) | |
| WARDEN VANTELL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER MODIFYING THE DOCKET;**
**DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND**
**WITHOUT PREJUDICE IN PART; AND**
**GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE**

On September 9, 2022, Plaintiff Justin Mack McKennon filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  When McKennon filed the complaint, he was incarcerated at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee.  (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 9.)  On October 6, 2022, the Court granted leave to proceed *in forma pauperis* and instructed McKennon that, "[i]f Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address." (ECF No. 6 at PageID 22.)  According to the Tennessee Department of Correction (the "TDOC") Felony Offender Information website, McKennon was released from confinement on March 27, 2023.  (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Apr. 28, 2025).)  McKennon has not notified the Clerk of Court about McKennon's release from confinement or McKennon's updated address.

In his complaint, McKennon alleges dissatisfaction with several conditions and incidents during his confinement at the HCCF.  (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4-8.)  The complaint is liberally construed to allege claims under § 1983 for:

> (1) deprivation "of recreation in segregation with no workout equipment [or] basketball goals for months at a time" (ECF No. 1 at PageID 2);
>
> (2) unconstitutional conditions of confinement:
> >     (a) lack of "adequate clothing" (*id*.);
> >     (b) "ants that crawl on you at night" (ECF No. 1-1 at PageID 4-5);
> >     (c) lack of "mirrors to shave, tables, chairs to sit on, [and] emergency call buttons" (*id*. at PageID 4 & 7);
> >     (d) "nowhere to store personal property but on the floor" (*id*. at PageID 4);
> >     (e) insufficient cleaning of cells (*id*.);
> >     (f) black mold in the showers (*id*. at PageID 5);
> >     (g) lack of fire drills, fire safety signs, and operative fire prevention equipment (*id*.);
> >     (h) "no mats to sleep on" (*id*.);
> >     (i) inadequate food portion sizes, cold food, and "meals we have never seen before" (*id*. at PageID 4 & 6); and
> >     (j) insufficient numbers of security staff (*id*. at PageID 6-7);
>
> (3) wrongful disciplinary charges against McKennon in retaliation for his filing a civil lawsuit (*id*.);
>
> (4) discrimination against McKennon based on his being "the only white guy out of 9 to 10 people [d]uring [his] D board hearing" (*id*.);
>
> (5) deprivation of medical care due to the HCCF's "medical not dispensing my meds to me at all" (*id*. at PageID 4 & 8); and
>
> (6) "medical malpractice" (*id*. at PageID 8).

McKennon does not allege: (1) the occurrence date(s) of the majority of the events and conduct described in the complaint[1]; (2) whether he was a convicted inmate or a pretrial detainee on those dates; or (3) the specific people who participated in the incidents described in the complaint.  (*See* ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4-8.)

---

[1]  The only date McKennon alleges in the complaint is "medical malpractice on 9-1-22."  (ECF No. 1 at PageID 8.)

McKennon sues: (1) the HCCF; (2) HCCF Warden Vantell; (3) CoreCivic; (4) "CoreCivic Medical at the [HCCF]"; (5) "Trinity Food Service at the [HCCF]"; and (6) "everyone involved in the corruption at this address." (ECF No. 1 at PageID 1-2.)

McKennon seeks: (1) "the Court['s] pray[ers] for the cruelty done to people n [sic] familys [sic] n lives lost at this facility"; (2) "the deed to the land / property / buildings and vehicals [sic] at [the HCCF] signed over to me [and] all contents to the building"; (3) one million dollars ($1,000,000.00) from each Defendant "and a house and my own property for me and my family"; and (4) injunctive relief making "CoreCivic pay officers, familys [sic], [and] all victims touched, hurt, or wrongly [a]ffected by this place." (*Id*. at PageID 3.)

The Clerk is DIRECTED to modify the docket to change Defendant Trenity Food Service's name to Trinity Food Service. (*See* ECF No. 1-1 at PageID 6.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part; and (2) leave to amend the claims dismissed with prejudice is GRANTED.

## I.     LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts

the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.   REQUIREMENTS TO STATE A CLAIM UNDER § 1983

McKennon sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

### A. Claim Of "Medical Malpractice"

McKennon alleges that, on September 1, 2022, he "was supposed to be taken by staff at [the HCCF] and never was and wasn't even brought my mental health meds this morning." (ECF No. 1-1 at PageID 8.) McKennon alleges no facts about the details of, or the Defendants who participated in, the alleged "medical malpractice." (*See id*.)

Negligent conduct is not actionable under § 1983 because negligence does not rise to the level of a constitutional deprivation. *See Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 348-49 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest") (internal citation omitted). Under these principles, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). "[S]tate law malpractice claims do not give rise to claims to relief under § 1983." *Rankins v. Phillips*, No. 21-2758, 2022 WL 22842052, at *5 (W.D. Tenn. June 30, 2022) (citation omitted). McKennon's claim of "medical malpractice" (ECF No. 1-1 at PageID 8) does not allege deprivation of a federal constitutional right.

McKennon's claim against all Defendants for medical malpractice is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## B.  Claims (1) On Behalf Of Other Inmates And (2) For Prospective Relief

McKennon alleges several claims on behalf of other inmates at the HCCF: (1) "not giving me or other inmates 1 hour 5 days per week of recreation" and "not giving inmates rec for months at a time" (ECF No. 1 at PageID 2); (2) the Defendants "giv[e] me n [sic] other inmates meals we have never seen before" (ECF No. 1-1 at PageID 4); (3) the Defendants do not provide "our sugars coffee pks n our coolaid pks [sic] that contain our calcium" and "our meals will be cold" (*id*. at

PageID 6); and (4) "[a]ll things in my claim's [sic] happen to not just me [but] just about everyone." (*Id.* at PageID 8.) McKennon seeks to prevent these incidents from happening to other inmates by requesting prospective relief. (ECF No. 1-1 at PageID 4-8.) The relief McKennon seeks is unavailable.

To the extent McKennon alleges claims under § 1983 on behalf of other inmates at the HCCF, McKennon lacks standing. One of the three elements of standing is that a "plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted). Unless a plaintiff has suffered an actual injury, he is "not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001). McKennon's claims for alleged harm to other inmates at the HCCF demonstrate no actual injury to McKennon. McKennon lacks standing to allege claims on behalf of others under § 1983.

To the extent McKennon seeks prospective relief under § 1983 to prevent future harm from the events and conduct described in the complaint, McKennon's claims do not warrant relief. McKennon does not allege facts demonstrating that he faces a non-speculative, imminent threat of repeated injury related to or similar to the putative incidents described in the complaint. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *American Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 670 (6th Cir. 2007) ("Redressability ... requires 'that prospective relief will remove the harm,' and the plaintiff must show 'that he personally would benefit in a tangible way from the court's intervention'") (quoting *Warth v. Seldin*, 422 U.S. 490, 505, 508 (1975)). McKennon expresses dissatisfaction generally about various conditions with prison life. (*See*, *e.g.*,

ECF No. 1 at PageID 6 (alleging "food will be missing […] on trays" and "our meals will be cold").)  Any prospective injury to McKennon from the incidents described in the complaint is negated because McKennon was released from custody at the HCCF on March 27, 2023.  *See Inman v. Sharp*, No. 1:22-cv-01025, 2025 WL 92989, at *5 (W.D. Tenn. Jan. 14, 2025); *see also* https://foil.app.tn.gov/foil/details.jsp (TDOC Felony Offender Information website showing that McKennon was released on March 27, 2023) (last accessed Apr. 28, 2025).

McKennon's claims under § 1983 (1) on behalf of other inmates at the HCCF and (2) for prospective relief are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

C. **Claims Against "CoreCivic Medical At The [HCCF]" And "Trinity Food Service At The [HCCF]"**

McKennon alleges that: (1) "Medical [is] not dispensing my meds to me at all" (ECF No. 1-1 at PageID 4); and (2) "Trinity Food Service portions on trays are not adequate [sic]."  (*Id*. at PageID 6.)

Collective liability -- *i.e.*, when claims are brought against persons such as a "staff" -- is not permitted under § 1983.   Individual, personal involvement is required.   A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation.  A group of people is not a "person" subject to suit pursuant to § 1983.  *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Arty v. Wilson Cnty. Jail*, No. 19-cv-0309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019).

McKennon seeks to name "CoreCivic Medical at [the HCCF]" and "Trinity Food Service at [the HCCF]" as defendants (*see* ECF No. 1 at PageID 1-2), without identifying specific employees of the CoreCivic Medical Department or the Trinity Food Service Department.  That is inadequate to state a claim against a "person" acting under color of state law.  *See* 42 U.S.C. §

1983.  McKennon must identify specific individuals who were responsible for the incidents that McKennon challenges in the complaint.  *See Hix*, 196 F. App's at 355.

McKennon's claims under § 1983 asserted against unnamed employees of the CoreCivic Medical Department at the HCCF and the Trinity Food Service Department at the HCCF are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

**D.  Claims Under § 1983 Against "Everyone Involved In The Corruption At This Address"**

McKennon seeks to allege claims under § 1983 against "everyone involved in the corruption at this address."  (ECF No. 1 at PageID 2.)

Federal Rule of Civil Procedure 8(a)(2) sets forth a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n. 1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the ... claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  It is well-settled that a plaintiff must attribute factual allegations to particular defendants.  *Id.* at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a complaint fails to link a specific defendant to particular misconduct, the complaint is subject to dismissal, even under the liberal constructions afforded to *pro se* complaints.  *See, e.g., Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).  To provide "fair notice" of his claims against putative parties, Fed. R. Civ. P. 8 requires a plaintiff to identify the defendant(s) allegedly responsible for constitutional deprivations.  Generic identifiers such as "everyone" -- without specificity -- are insufficient to link a specific defendant to offending actions.  "Such vagaries deprive intended defendants of notice of a plaintiff's claims so as to enable them to offer and prepare a defense.  A person cannot be on notice of a litigant's claims if such person does not, in the first instance, even know they are an intended party to the lawsuit."  *Free*

8

*v. Bonner*, No. 2:20-cv-2638, 2021 WL 3878278, at *5 (W.D. Tenn. Aug. 30, 2021). To state a claim for relief under § 1983, a plaintiff must link a named defendant with some affirmative act or omission that demonstrates a violation of the plaintiff's federal rights. *See* 42 U.S.C. § 1983.

McKennon's use of "everyone involved in the corruption at this address" is short of the minimal pleading standards of Fed. R. Civ. P. 8 and the requirements for § 1983 claims. McKennon's claims under § 1983 asserted against "everyone involved" are DISMISSED WITHOUT PREJUDICE for failure to state claims to relief.

**E.  The Recreation Claim, Conditions Of Confinement Claims, Disciplinary Charges Claim, Discrimination Claim, And Deprivation Of Medical Care Claim Against (1) Vantell In His Official Capacity, (2) The HCCF, And (3) CoreCivic**

McKennon does not allege whether he sues Vantell in Vantell's official or individual capacity. (*See* ECF Nos. 1 & 1-1.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes McKennon's claims against Vantell as official capacity claims.

McKennon's official capacity claims against Vantell are treated as claims against Vantell's employer — the HCCF, which houses inmates in the custody of the TDOC. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). (*See also* ECF No. 1 at PageID 2 (alleging that Vantell is employed by the HCCF); https://www.tn.gov/correction/state-prisons/state-prison-list/hardeman-county-correctional-facility.html (TDOC website, indicating that the HCCF "contracts with CoreCivic for management of the [HCCF]") (last accessed Apr. 28, 2025).) McKennon's Recreation Claim, Conditions Of Confinement Claims, Disciplinary Charges Claim, Discrimination Claim, and Deprivation Of Medical Care Claim are construed as claims against CoreCivic, the private company that manages

the HCCF.[2]  *See, e.g., Glenn v. Walker*, No. 21-1013, 2021 WL 4269474, at *2 (W.D. Tenn. Sept.

20, 2021); *Talley v. McKinney*, No. 20-1118, 2021 WL 1254681, at *3 n.2 (W.D. Tenn. Apr. 5,

2021).  (*See also* https://www.corecivic.com/about (CoreCivic website's "About Us" page) (last

accessed Apr. 28, 2025).)

McKennon does not state a claim to relief under § 1983 against (1) CoreCivic or (2) Vantell

in his official capacity.

"A private corporation that performs the traditional state function of operating a prison acts

under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748 (6th Cir.

2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit

applies the standards for assessing municipal liability to claims against private corporations that

operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-

18.  CoreCivic "cannot be held liable under a theory of *respondeat superior.*"  *Braswell v. Corr.*

*Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  To prevail on a § 1983 claim against

CoreCivic, McKennon "must show that a policy or well-settled custom of the company was the

'moving force' behind the alleged deprivation" of McKennon's rights. *See id.*  McKennon does

not identify or describe any policy or custom of CoreCivic, much less an unconstitutional policy

or custom of CoreCivic pursuant to which Vantell acted to deprive McKennon of a constitutional

right.  (*See* ECF Nos. 1 & 1-1.)  McKennon alleges instead his dissatisfaction generally with

various incidents and conditions of his confinement at the HCCF.  (*See*, *e.g.*, ECF No. 1 at PageID

4 (alleging "there is no mirrors [and] no tables chairs [sic] to sit").)  McKennon fails to state a

claim under § 1983 against CoreCivic.  McKennon's claims under § 1983 against (1) Vantell in

---

[2]    *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html
("Hardeman County Correctional Facility is owned by the Hardeman County Correctional
Facilities Corporation, which contracts with CoreCivic for management of the prison") (last
accessed Apr. 28, 2025).

his official capacity and (2) CoreCivic are DISMISSED WITHOUT PREJUDICE for failure to

allege facts stating a claim to relief.

To the extent McKennon alleges a claim under § 1983 against the HCCF (*see* ECF No. 1

at PageID 1-2), the complaint fails to state a claim to relief as a matter of law.  Under § 1983,

a jail is not a "person" subject to suit.  *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-

6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).  McKennon's claim against HCCF is

DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## IV.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint

to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other

circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to

amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see*

*also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal

for failure to state a claim is ordered, some form of notice and an opportunity to cure the

deficiencies in the complaint must be afforded").  Leave to amend is not required where a

deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir.

2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice

to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint

would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284

(10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless

complaint that cannot be salvaged by amendment comports with due process and does not infringe

the right of access to the courts").

The Court grants leave to amend the claims dismissed without prejudice, under the conditions set forth below.

## V.    CONCLUSION

For the reasons set forth above:

A.    To the extent McKennon alleges in the complaint (ECF No. 1) (1) a claim of medical malpractice against all Defendants, (2) claims against all Defendants (i) on behalf of other inmates and (ii) for prospective relief, and (3) claims against the HCCF (collectively, the "Claims Dismissed With Prejudice"), all those claims are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend the Claims Dismissed With Prejudice is DENIED.

B.    McKennon's (1) claims against "CoreCivic Medical at the [HCCF]" and "Trinity Food Service at the [HCCF]", (2) claims against "everyone involved in the corruption at this address", and (3) Recreation Claim, Conditions Of Confinement Claims, Disciplinary Charges Claim, Discrimination Claim, and Deprivation Of Medical Care Claim against CoreCivic and Vantell in his official capacity (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C.    Leave to amend the Claims Dismissed Without Prejudice is GRANTED. An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of McKennon's claims. An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. McKennon must sign the amended complaint, and the text of the amended complaint

must allege sufficient facts to support each claim without reference to any extraneous document.

Any exhibits must be identified by number in the text of the amended complaint and must be

attached to the amended complaint.  All claims alleged in an amended complaint must arise from

the facts alleged in the initial complaint.  Each claim for relief must be stated in a separate count

and must identify each Defendant sued on that count.  If McKennon decides to amend his claims,

he must use the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form.[3]  If

McKennon fails to file an amended complaint within the time specified, the Court will dismiss the

complaint with prejudice in its entirety and enter judgment.  The Court recommends that any such

dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*,

996 F.3d 350, 353 (6th Cir. 2021).

      IT IS SO ORDERED, this  *28th*  day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3]  *See*  https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf  (last  accessed
Apr. 28, 2025).